

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WESLEY ALAN PARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-1163-A |
| | § | |
| TROY EUGENE PAUL, ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Troy Paul ("Paul"), Paul Transportation, Inc., and Paul Transportation System, Inc., to dismiss. The court, having considered the motion, the response of plaintiff, Wesley Alan Partin, the reply, the record, and applicable authorities, finds that the motion should be granted in part.

I.

### Background

On November 16, 2015, plaintiff filed his complaint in the Circuit Court of Harrison County, Mississippi, Second Judicial District, asserting claims against defendants for alienation of affection and negligent and intentional infliction of emotional distress. Doc.[1] 1. Defendants removed the action to the United States District Court for the Southern District of Mississippi, Southern Division. Id. Initially, there was an issue as to

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

service of process. When that was resolved, defendants filed a motion to dismiss for lack of jurisdiction or, in the alternative, to transfer to a convenient forum. Docs. 36, 37. The district court, noting that it was not required to determine whether it had personal jurisdiction over defendants, granted the alternate motion and transferred the action to this court, where is was assigned to the docket of the undersigned district judge. Doc. 49.

On January 3, 2017, plaintiff filed his amended complaint in which he now asserts two causes of action. Doc. 54. In count I, he asserts alienation of affection (noting that this count is advanced only if the court determines that Mississippi law applies). In count II, he asserts intentional infliction of emotional distress. The basis for his claims is that defendants (who are citizens of Oklahoma) lured his then-wife (a citizen of Texas) into a sexual relationship with Paul and another woman, which occurred in Biloxi, Mississippi, on May 28, 2015. From that time, plaintiff's wife became distant from him and their intimacy and passion acutely and dramatically decreased. Plaintiff drove to Oklahoma to investigate whether his wife was with Paul there. When he was finally able to reach her by phone, he learned that she was with Paul in Arizona. She returned to Texas and abruptly moved out of her home with plaintiff. They sought a "no fault"

divorce in Tarrant County, Texas, which was granted on or about November 9, 2015. Since that time, plaintiff's ex-wife and Paul have continued their intimate relations.

II

Grounds of the Motion

Defendants urge that plaintiff's first amended complaint must be dismissed because he has not stated a claim upon which relief can be granted. Specifically, Texas has abolished the claim of alienation of affection. And, plaintiff cannot assert the same cause of action merely by giving it a different name, to wit, intentional infliction of emotional distress.

III

Applicable Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than

3

simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

IV.

Analysis

Whether plaintiff is entitled to pursue his claims depends upon the law to be applied in this case. Where, as here, state law claims are asserted in a diversity case, the court applies the conflict of law rules of the forum state to determine which state's law to apply. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Defendants fail to note, however, that choice of law rules do not change following a transfer of venue initiated by a defendant. Ferens v. John Deere Co., 494 U.S. 516, 524-25 (1990). Hence, Mississippi's conflict of law rules apply.

In tort cases, both Mississippi and Texas apply the "most significant relationship" test enunciated in Restatement (Second) of Conflict of Laws. Doc. 49 at 10; Gutierrez v. Collins, 583 S.W.2d 312, 318 (Tex. 1979); Mitchell v. Craft, 211 So. 2d 509, 515-16 (Miss. 1968). Pursuant to that test, the "rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties." Snow v. WRS Grp., Inc., 73 F. App'x 2, 5 (5th Cir. 2003). Four factors commonly considered are: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile and

5

residence of the parties; and (4) the place where the relationship, if any, between the parties is centered. Id., 73 F. App'x at 6.

Taking into account the four factors, Texas is the state with the most significant relationship to plaintiff's tort claims. Plaintiff is a citizen of Texas and was in Texas when he allegedly suffered injury as a result of defendants' actions. Plaintiff and his wife (also a Texas citizen) resided in Texas, which was their marital domicile. At least one act of interference occurred here when Paul paid a car loan in Texas for plaintiff's wife. The relationship between plaintiff and his wife ended here pursuant to a divorce granted in Tarrant County. The conduct causing the injury occurred in a number of places, according to plaintiff, including Mississippi, Florida, Oklahoma, and Arizona. Paul apparently did not have sufficient ties to Mississippi to make it readily apparent that the court there had personal jurisdiction of him.[2] In determining that a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Texas, the Mississippi court noted that the "case's only nexus to Mississippi is that Biloxi was the situs of the purported initiation of Mr. Paul and Ms.

---

[2] The court recognizes that the Mississippi court did not have to determine personal jurisdiction before considering whether to transfer the case. However, it would seem that if defendants had substantial ties to Mississippi, the issue of transfer would have been a closer call.

6

Partin's alleged affair during a four-day trip to the area." Doc. 49 at 9.[3] Further, the fact that the marital home was in Tarrant County gave the Fort Worth Division a "local interest in having localized marital interests decided at home." Id. Finally, as defendants had no contractual relationship with plaintiff, the fourth factor is duplicative of the place of injury. Grosskopt v. Chrysler Grp., LLC, No. A-14-CA-801-SS, 2015 WL 6021851, at *5 (W.D. Tex. Oct. 14, 2015).

The court is not persuaded by the authorities plaintiff cites that the law supports his position. For example, Sico N. Am., Inc. v. Willis, No. 14-08-00158-CV, 2009 WL 3365856 (Tex. App.-Houston [14th Dist.] Sept. 10, 2009, no pet.), was a products liability action concerning a product defectively designed, manufactured, and placed in the stream of commerce in Minnesota. There, the place of injury was fortuitous; here, the place of domicile of plaintiff and his marriage was known before the bad acts occurred, and thus, it was foreseeable that harm would occur here.

The Mississippi cases plaintiff cites concern minimum contacts and not choice of law. See Miller v. Provident Advert. & Mktg., Inc., 155 So. 3d 181 (Miss. Ct. App. 2014); Camp v.

---

[3] In other words, the court was noting, and this court agrees, that it was fortuitous that the initiation of the affair took place in Mississippi.

Roberts, 462 So. 2d 726 (Miss. 1985), overruled in part, Saunders v. Alford, 607 So. 2d 1214 (Miss. 1992). As noted in Miller, where alienation of affection was alleged to have occurred in Mississippi, if the most significant relationship test showed that Tennessee or Florida law should apply, the alienation of affection claim would be dismissed as the claim had been abolished in those states. 155 So. 3d at 194, n. 13.

Other cases indicate that the domicile of spouses until separation is the most important factor in an alienation of affection case. See Williams v. Jeffs, 57 P.3d 232, 236-37 (Utah Ct. App. 2002); Brookley v. Ranson, 376 F. Supp. 195, 198 (N.D. Iowa 1974).

As plaintiff recognizes, the tort of alienation of affection has been abolished in Texas. Tex. Fam. Code § 1.107. Defendants argue that where the same allegations give rise to the emotional distress claim, that claim should also be dismissed. Truitt v. Carnley, 836 S.W.2d 786, 787 (Tex. App.-Fort Worth 1992, writ denied). However, the court notes that Truitt was a summary judgment case and the opinion does not provide enough information for the court to determine that under Texas law a cause of action for intentional infliction of emotional distress cannot be pursued. The cases cited by plaintiff, although not directly in point, indicate that such a cause of action is not automatically

8

foreclosed in circumstances like those in this case. See <u>Smith v. Smith</u>, 126 S.W.3d 660, 666 (Tex. App.-Houston [14th Dist.] 2004, no pet.); <u>Stites v. Gillum</u>, 872 S.W.2d 786, 793 (Tex. App.-Fort Worth 1994, writ denied). Thus, the court is not granting the motion as to the intentional infliction of emotional distress claim, suggesting instead that such claim be more properly addressed by motion for summary judgment.

V.

<u>Order</u>

For the reasons discussed herein,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted in part, and that plaintiff's claim against defendants for alienation of affection be, and is hereby, dismissed. The court ORDERS that the motion be, and is hereby, otherwise denied.

SIGNED February 22, 2017.

_____
JOHN McBRYDE
United States District Judge